FILED

2017 JAN 18 PM 12: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

JONATHAN TODD SCHWARTZ,

          Defendant.

CR No. **17 CR O 0022** ___

I N F O R M A T I O N

[18 U.S.C. § 1343: Wire Fraud; 26 U.S.C. § 7206(1): Subscribing to a False Federal Tax Return]

The United States Attorney charges:

                    COUNT ONE

               [18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

     1.   At all times relevant to this Information:

          a.   Defendant JONATHAN TODD SCHWARTZ ("defendant SCHWARTZ") resided in Agoura Hills, within the Central District of California.

          b.   Defendant SCHWARTZ was a member of GSO Business Management, LLC ("GSO"), a business management firm based in Sherman Oaks, California.  GSO provided financial guidance, including managing bank accounts, providing accounts payable services on clients' behalf, and preparing short term and long term budgets.

B.   THE SCHEME TO DEFRAUD

2.   Beginning at least as early as in or about March 2009 and continuing to at least May 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant SCHWARTZ, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud GSO and clients of GSO, including Clients Numbers 1-5, as to material matters, and to obtain money and property from GSO and clients of GSO by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3.   The fraudulent scheme operated, in substance, as follows:

a.   Defendant SCHWARTZ would represent to GSO's clients that he would only access their bank accounts with their approval and for purposes established by the clients, for instance to pay the clients' bills or to obtain spending money for the clients to use.

b.   Without the knowledge, consent, or approval of the clients, defendant SCHWARTZ would submit requests for cash to the bank at which the clients' accounts were maintained.  Defendant SCHWARTZ would sometimes instruct the bank to deliver the cash to him at GSO; sometimes defendant SCHWARTZ would inform the bank that he would pick up the cash at the bank.

c.   Defendant SCHWARTZ would falsify and cause to be falsified the account records provided to clients in order to conceal the unauthorized takings.  For instance, defendant SCHWARTZ would instruct his assistants to "remove cash line item" from the monthly account statements provided to one client; falsely code the unauthorized cash withdrawals as "sundry/personal expenses" on the accounting records for that client; and falsely code unauthorized

1   cash withdrawals as home renovations on the accounting records GSO

2   maintained for another client who, at the time, was rebuilding his

3   house.

4            d.    In some instances, defendant SCHWARTZ would forge the

5   signature of the client on cash receipts, thereby creating the false

6   and fraudulent pretense and representation that the client had

7   received the proceeds of the unauthorized withdrawal.

8            e.    When confronted about the missing cash, defendant

9   SCHWARTZ would falsely tell the clients and their representatives

10  that the missing cash had been invested in accordance with the

11  clients' directions.  For instance, defendant SCHWARTZ falsely stated

12  that the missing money belonging to one client had been invested in

13  illegal marijuana businesses pursuant to that client's instructions.

14           f.    Defendant SCHWARTZ would conceal from the clients and

15  GSO that he had taken the cash he obtained from the clients' accounts

16  and used it to pay for his own expenses.

17       4.    As a result of the scheme described above, defendant

18  SCHWARTZ fraudulently obtained $1,009,000 from Client Number 1;

19  approximately $4.8 million from Client Number 2; $737,500 from Client

20  Number 3; $122,500 from Client Number 4; and $100,000 from Client

21  Number 5.

22  B   THE USE OF THE WIRES

23       5.    On or about December 11, 2013, within the Central District

24  of California, and elsewhere, for the purpose of executing the above-

25  described scheme to defraud, defendant SCHWARTZ transmitted, caused

26  the transmission, and aided and abetted the transmission of an e-mail

27  sent from defendant SCHWARTZ's GSO e-mail account in California to

28  City National Bank, in California, via a Network Solutions, LLC,

1   server located in Jacksonville, Florida.   The e-mail approved an

2   attached "Request For Cash/Cashier's Check/Foreign Currency" for

3   $97,500 in cash to be withdrawn from the account of Client Number 2,

4   which request was submitted by defendant SCHWARTZ and stated that

5   defendant SCHWARTZ would pick up the cash at the Beverly Hills Branch

6   of the bank.

COUNT TWO

[26 U.S.C. § 7206(1)]

6.    On or about October 15, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant JONATHAN TODD SCHWARTZ ("defendant SCHWARTZ"), a resident of Agoura Hills, California, willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for calendar year 2012, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Internal Revenue Service, which return defendant SCHWARTZ did not believe to be true as to every material matter, in that, on such Form 1040, defendant SCHWARTZ reported, on line 22, that he had total income in the amount of $626,228, when, as defendant SCHWARTZ then well knew and believed, his total income for that year was substantially higher than the amount he reported.

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

GEORGE S. CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief Assistant for Trials,
Integrity & Professionalism

5