JAN LAWRENCE HANDZLIK (CA State Bar No. 047959)
Jan Lawrence Handzlik, APC
515 South Flower Street, 18th Floor
Los Angeles, CA 90071-2231
Tel: 213-236-3519
Fax: 213-236-3501
jan@handzliklaw.com

Attorney for Defendant Jonathan Todd Schwartz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN TODD SCHWARTZ,<br><br>Defendant. | 2:17-cr-00022-DMG-1<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION FOR TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAN LAWRENCE HANDZLIK; TABLE OF APPENDICES; [PROPOSED] ORDER THEREON<br><br>Hearing Requested: March 13, 2024, 2:30 PM |

   Defendant Jonathan Todd Schwartz hereby respectfully give notice and moves for termination of the supervised release imposed on May 3, 2017 (Dkt. No. 38). Defendant's supervised release is currently due to end on August 17, 2024. (Handzlik Declaration, p. 1).

DATED: February 9, 2024         Respectfully submitted,
                    JAN LAWRENCE HANDZLIK, APC

                    By: _____/s/_____
                      JAN L. HANDZLIK
                      Attorney for Defendant

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAN LAWRENCE HANDZLIK; TABLE OF APPENDICES; [PROPOSED] ORDER THEREON - 1

# MEMORANDUM OF POINTS AND AUTHORITIES

### A. Procedural Background

On January 18, 2017, Defendant Jonathan Schwartz was charged in a two-count Criminal Information with wire fraud and tax fraud (Dkt. No. 1). A plea agreement was filed the same day (Dkt. 6). On February 2, 2017, Defendant waived indictment and pleaded guilty to both counts in the Information (Dkt. No. 15).

On May 3, 2017, Defendant was sentenced to serve a total of 72 months in custody, to be followed by a three-year term of supervised release (Dkt. Nos. 38 and 39). Defendant was also ordered to pay restitution in the amount of $8,657,268. (*Id.*)

Defendant was released from custody to home confinement in or about April 2020. He served approximately 16 months on home confinement, before starting supervised release on August 17, 2021. Defendant has served approximately 30 months on supervised release, which is due to terminate on August 17, 2024. (Handzlik Declaration, page 1).[1]

On February 9, 2024, I spoke by phone with Supervisory US Probation Officer Yvette Tripichio. Officer Tripichio supervises the US Probation Officer responsible for Defendant's supervision, Daniel Jackson, who was out of the office. Officer Tripichio informed me that her Office does not oppose the early termination of Defendant's supervised release. She described Defendant as having made a "complete turnaround" and a "success story." (Handzlik Declaration, p. 1)

On January 29, 2024, attorneys for Plaintiff, United States, and Defendant conferred about this motion. During that discussion, Assistant U.S. Attorney Ranee Katzenstein informed defense counsel that the Government takes no position regarding the relief sought by the motion. (Handzlik Declaration, p. 1 ).

---

[1] References to page numbers in the attached declarations and letters will be to the internal page numbers of the documents cited.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAN LAWRENCE HANDZLIK; TABLE OF APPENDICES; [PROPOSED] ORDER THEREON - 2

B. **Based on Defendant's Exemplary Conduct and Significant Achievements Since the Imposition of Sentence, Supervised Release Should be Terminated**

Pursuant to 18 USC § 3583(e)(1), Defendant respectfully requests that his three-year term of supervised release be terminated. He seeks termination about six months before his supervised release is set to end. (Handzlik Declaration, p. 1) Section 3583(e)(1) authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, "…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In making such a decision, the Court should consider the factors set forth in 18 U.S.C. § 3553(a).

Mr. Schwartz has met and surpassed the applicable factors. His reintegration into the community has been stable and productive. As conclusively demonstrated by the letters and documents supporting this motion, Defendant has made great strides toward the objectives of sentencing and supervision. He has fully complied with all conditions of supervision, including making restitution payments in a timely manner as directed by the Probation Office. (Handzlik Declaration, p. 1) Defendant has not engaged in further criminal activity; has not abused alcohol or drugs or engaged in gambling of any sort, much less compulsive gambling; and poses no risk of safety to the victims or the public. There is little to no chance Defendant will offend again.

In fact, the record reflects the enormous progress Mr. Schwartz has made in addressing the issues underlying his criminal behavior. By applying himself diligently while in prison, on home confinement, and on supervised release, he has made significant strides toward his objectives of becoming a better person, a better father, and a productive member of society. (Defendant's Letter to the Court, Appendix A hereto, at p. 1).[2] Although having "truly hit bottom," Defendant is now putting his experience and training to productive use in helping others. He now, on a full-time basis, counsels individuals who are afflicted by the same addictions, behaviors and mind set he once struggled with -- egotism, denial, self-absorption,

---

[2] Appendices A through L listed in the following Table of Appendices are being filed separately, due to size limitations.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAN LAWRENCE HANDZLIK; TABLE OF APPENDICES; [PROPOSED] ORDER THEREON - 3

alcoholism, addictions to gambling and drugs, and a lack of empathy and concern for others. (*Id.*, at pp. 1-2).

Significantly, Mr. Schwartz attributes much of his success to this case. As he states in his letter, "Frankly, without being sentenced to prison and serving time, I could easily have ended up in a much different place." (*Id.*, at p. 1) Defendant is clearly a different person than the one who engaged in serious criminal conduct and was sentenced by the Court.

### C. Defendant's Growth of Character, Remorse and Continuing Service to Others Warrant Termination of Supervised Release

Defendant's growth in self-awareness and concern for others is reflected in his record of accomplishments and the sincere testimonials filed with this motion. In seeking to better understand and address the underlying issues that led to the collapse of his life and criminal conviction, Defendant took and completed numerous programs while incarcerated. A list of more than 30 programs completed by Defendant is found in his *Bureau of Prisons Individualized Reentry Plan - Program Review*, February 6, 2020, at Appendix I.

Defendant successfully completed the nine-month Bureau of Prisons Residential Drug Abuse Treatment Program (*Certificate of Achievement* re RDAP, May 2, 2019; RDAP Drug Treatment Specialist's Memorandum re Defendant, May 31, 2019; and Related RDAP commendation Certificates, 2018-2020, Appendix J). Copies of nine certificates of completion for courses taken or taught while in custody are in Appendix K, *Certificates of Achievement and Completion of Eight Programs Taken and One Class Taught*, 2018-2020.[3] Defendant volunteered to teach many classes while at the Sheridan Federal Prison Camp, where his main job was to run the computer lab for the education department (Handzlik Declaration, p. 2). These

---

[3] The Table of Appendices, *infra*, lists 13 appendices, including Appendices K and L. They contain certificates of completion and commendation for numerous programs attended, classes taught, and presentations attended. Due their size, the documents in these appendices are not being filed with these pleadings. They have been provided to Plaintiff and are available to the Court upon request.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAN LAWRENCE HANDZLIK; TABLE OF APPENDICES; [PROPOSED] ORDER THEREON - 4

accomplishments were the result of Defendant's rigorous course of study and self-improvement and determination to succeed.

Defendant has embarked upon a new path in life. He has found his calling in helping others afflicted by some of the same behaviors and suffering from some of the same compulsions he once had. To this end, when Defendant was in home confinement, in addition to working at a Dunkin Donuts and an automobile dealership, he enrolled in and completed a seven-month course in alcohol and substance abuse counseling. Successfully completing this course at the Sober College School of Addiction Studies led to his becoming a Registered Alcohol and Drug Technician (RDAT) (Appendix G).

This achievement enabled Defendant to become a Certified Alcohol and Drug Counselor (CADC). He is currently working toward completing 3,000 hours of experience and training to become a CACD. Defendant is focused on helping addicts and those with similar emotional disabilities recover, thrive and become productive members of society.

In August 2023, Defendant obtained a master's degree in Marriage and Family Therapy (Appendix H). He is now an Associate Marriage Family Therapist and is well on his way to becoming licensed as a Marriage and Family Therapist.

As detailed in his letter to the Court and in the letters of support from the programs where he works, Defendant is actively pursuing his new vocation. (*See*, Letters of Donna Miller, Director, Chabad Treatment Center, Appendix C, and Genel Ilyasova, Director, Altus Rehab Center, Appendix D). Previously, Defendant was a shift supervisor on the crisis line at the Didi Hirsch Mental Health Center, providing suicide prevention and crisis counseling to those in dire need of help (Defendant's Letter, App. B, p. 2 ). He is currently working at three different programs with persons who were formerly incarcerated and others with substance abuse disorders and co-occurring mental health issues (*Id*.).

The end of supervised release would also assist Mr. Schwartz in rebuilding relationships with his sons, two of whom live out-of-state. It would also make it possible for him to provide comfort and support to his elderly mother, who lives in Northern California and suffers from Stage 4 lung cancer. Defendant would like to be able to be with her on short notice, as needed. (*Id*., p. 3)

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAN LAWRENCE HANDZLIK; TABLE OF APPENDICES; [PROPOSED] ORDER THEREON - 5

In addition, termination of supervised release would enable Defendant to travel out-of-state to attend and participate in seminars on addiction and mental health. He would also be able to take on additional responsibilities in his work, given the occasional need to travel on short notice to conduct interventions and assist clients coming to California for treatment. (*Id.*)

**D. Conclusion**

Defendant is an ideal candidate for early termination of supervised release. Defendant is deeply involved in aiding and counseling those in distress, actions that contribute to the betterment of his community and society as a whole. He practices what he preaches by using his experience, education, energy, and talents to give back to the community. Defendant has fully reintegrated into society, is self-supporting and now leads a stable and productive life. Based upon the foregoing, we respectfully ask the Court to terminate Defendant's supervised release.

DATED: February 9, 2024

Respectfully submitted,

JAN LAWRENCE HANDZLIK, APC

By: _____/s/_____
    JAN L. HANDZLIK
    Attorney for Defendant

# DECLARATION OF JAN LAWRENCE HANDZLIK

I, Jan L. Handzlik, hereby declare:

1. I am an attorney licensed to practice in the State of California and a member in good standing of the California State Bar and the Bar of this Honorable Court.
2. The following statements of fact are based on my personal knowledge. I could and would testify to them competently. As to statements in this Declaration made on the basis of information and belief, I believe them to be true.
3. On January 29, 2024, I conferred by telephone with Assistant U.S. Attorney Ranee Katzenstein concerning Defendant's Motion for Termination of Supervised Release. During that conversation, Ms. Katzenstein informed me that the Government takes no position regarding the relief sought by the Motion.
4. On February 9, 2024, I spoke with Supervisory U.S. Probation Officer Yvette Tripichio. She supervises US Probation Officer Daniel Jackson, the Officer responsible for supervising Defendant. Officer Tripichio informed me that Officer Jackson was currently out of the office and unavailable.
5. Officer Tripichio informed me that her Office does not oppose the early termination of Defendant's supervised release. She described Defendant as having made a "complete turnaround" and a "success story."
6. I am informed and believe that Defendant was released from prison in or about April 2020, and placed on home confinement. He then served about 16 months on home confinement, until on or about August 17, 2021.
7. I am informed and believe that, on about August 17, 2021, Defendant began his three-year term of supervised release. Defendant's supervised release is scheduled to end on or about August 17, 2024.
8. I am informed and believe that Defendant has made all restitution payments required of him at the time and in the amounts directed by the U.S. Probation Office. I have documents reflecting this. They have been shared with Plaintiff and are available to the Court upon request.

9. I am informed and believe that Defendant volunteered to teach many classes while at the Sheridan Federal Prison Camp, where his main job was to run the computer lab for the education department.

10. Appendices K and L on the following Table of Appendices contain certificates of completion and commendation for numerous programs attended, classes taught, and presentations attended. Due to their size, the documents in these appendices are not being filed with these pleadings. They have been provided to Plaintiff and are available to the Court upon request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: February 9, 2024                              _____/s/_____

                                                                              JAN L. HANDZLIK

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAN LAWRENCE HANDZLIK; TABLE OF APPENDICES; [PROPOSED] ORDER THEREON - 8

# TABLE OF APPENDICES
## [Appendices filed separately]
**Contents**          **Slip Sheet Page Numbers**

A. Letter to the Court, Defendant Jonathan T. Schwartz, February 6, 2024    10

B. Letter, Rabbi Zvi Boyarsky, The Aleph Institute, January 22, 2024    11

C. Letter, Donna Miller, Director, Chabad Treatment Center, January 10, 2024    12

D. Letter, Genel Ilyasova, Altus Rehab Center, January 12, 2024    13

E. Letter, Rabbi Shlomo Bistritzky, Chabad House of North Ranch, January 11, 2024    14

F. Letter, Irit Almog, Psy.D., Empowering Minds Together Psychological Services, January 9, 2024    15

G. Confirmation of becoming a Registered Drug and Alcohol Technician, 2021, awarded following a seven-month online course at Sober College School of Addiction Studies    16

H. Certificate, Master of Marriage and Family Therapy, Campbellsville University, Phillips Los Angeles Education Center, August 19, 2023    17

I. Bureau of Prisons Individualized Reentry Plan - Program Review - Listing 35+ Programs Completed, February 6, 2020    18

J. Certificate of Achievement for RDAP Program, May 2, 2019; RDAP Drug Treatment Specialist Memorandum, May 31, 2019; and related Award Certificates, 2018-2020    19

K. Nine Certificates of Achievement and Completion of Programs and Courses, 2018-2020*    20

    1. Adult Continuing Education Class on Entrepreneurship, 10 hours (taught, 2018)
    2. Microsoft Office, 300 Hours (completed, 2018)
    3. Program: Sketch Up Basics, 100 Hours (completed, 2018)
    4. The Dad Difference Workshop, Three Days (completed, 2018)
    5. Anger Management-Cage Your Rage, 12 Weeks (completed, 2019)
    6. House of Healing, Substance Abuse Program,12 Weeks (completed, 2019)
    7. Yoga/Meditation Class, 33 Hours (completed, 2019)
    8. Financial Workshop XX, 20 hours (taught, 2020)
    9. Those Outspoken Youth Outreach Program, contributed 225 Hours (2020)

L. 15 Certificates of Commendation for Participation in Classes and Discussions Attended, 2019-2020*    21

[*Not Attached due to size, but provided to Plaintiff and available to the Court upon request]

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAN LAWRENCE HANDZLIK; TABLE OF APPENDICES; [PROPOSED] ORDER THEREON - 9