UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES—GENERAL

| Case No. | CR 17-22-DMG | | Date | March 8, 2024 |
|---|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 1 of 2 |
|---|---|---|---|

| Kelly Davis | Not Reported | Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Jonathan Todd Schwartz | Not | | | Jan Lawrence Handzlik | Not | | X |

**Proceedings:** [IN CHAMBERS] ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [78]

Defendant Jonathan Schwartz moves for early termination of his term of supervised release. [Doc. # 78.] For the reasons set forth herein, the motion is DENIED.

## I.
## BACKGROUND

On January 18, 2017, Schwartz was charged by information with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of subscribing to a false federal tax return in 26 U.S.C. § 7206(1) for a scheme lasting from March 2009 to May 2016. [Doc. # 1.] He agreed to plead guilty to both counts. [Doc. # 6.] As set forth in the statement of facts in support of his plea agreement, Schwartz admitted that he executed a scheme to defraud clients of the business management firm where he worked, taking millions of dollars of their funds for his own use. [Doc. # 6 at 37.] As part of this scheme, he falsely coded withdrawals to hide the fraud, lied to clients about missing funds and about using funds for "investments," and forged a client signature. *See id.*

On May 3, 2017, the Court sentenced Schwartz to 72 months' incarceration. [Doc. # 39 at 1.] The Court further imposed $8,657,268 in restitution and, pertinent here, a three-year term of supervised release. *Id.* at 1–2.

Schwartz's supervised release began on August 17, 2021 and is scheduled to terminate on August 17, 2024. [Doc. # 78 at 7.] He moves for early termination of supervised release. The United States Probation and Pretrial Services Office does not oppose the request, but the Government takes no position with respect to the request. [Doc. # 82.]

## II.
## DISCUSSION

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 17-22-DMG | Date | March 8, 2024 |
|---|---|---|---|
| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 2 of 2 |

and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court has broad discretion regarding whether to grant early termination. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.").

The Court has reviewed Schwartz's letters and documents in support of his motion, including evidence he completed and taught programs while incarcerated (such as Bureau of Prisons residential drug treatment), maintained employment following release, completed alcohol and substance abuse counseling, works toward becoming a counselor and therapist, and has support from program directors and others while he pursues his new vocation. The Court commends Schwartz for his commitment to rebuilding his life and overcoming his addictions, all of which bodes well for his future. In addition, Schwartz has continued to make regular payments toward his hefty restitution obligation.

Nevertheless, the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence, among other factors, weigh heavily in the Court's evaluation of the request for early termination of supervised release. Schwartz committed a serious crime over the course of about seven years when he defrauded his employer and robbed clients of millions of dollars that he diverted to his own ends. When confronted, he lied and attempted to conceal the truth. As the Court explained at his sentencing hearing, the sheer audaciousness of his crime led the Court to impose a sentence well within the 63 to 78-month advisory guidelines range, notwithstanding his lack of criminal history and his efforts toward rehabilitation. The Court is not inclined to reduce his term of supervised release, which is already scheduled to end by its own terms in approximately five months.

### III.
### CONCLUSION

Defendant's motion is **DENIED**. The Court modifies the conditions of supervised release, however, to allow the Probation Officer to authorize out-of-district travel for Schwartz to visit his mother on short notice, if necessary, and to attend and participate in out-of-district seminars on addiction and mental health. The March 13, 2024 hearing is **VACATED**.

**IT IS SO ORDERED.**